UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
—————————————————————————X
MICHAEL RING, *individually and on behalf of all others similarly situated*,

            Plaintiff,                  **MEMORANDUM & ORDER**

  -against-                                 25-cv-6247 (NRM) (JRC)

GOLI NUTRITION, INC.,

            Defendant.
—————————————————————————X

**NINA R. MORRISON**, United States District Judge:

Plaintiff Michael Ring initiated this putative class action lawsuit in New York Supreme Court, Kings County on July 15, 2025. ECF No. 1-2 at 2.[1] On behalf of himself and the putative class, he alleges that Defendant Goli Nutrition, Inc. mislabeled one of its products, thereby misleading consumers to believe that each bottle contained more of the product than it did. *See generally* ECF No. 1-2.

Defendant subsequently sought to remove the case to this Court on November 10, 2025. ECF No. 1. On November 14, 2025, Plaintiff filed a motion to remand to state court. ECF No. 8. That same day, this Court *sua sponte* issued an order to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1332(d), specifically as to whether Plaintiff's claims met the amount-in-controversy requirement for putative class actions removed to federal court. Dkt. Order dated Nov. 14, 2025. Defendant responded to Plaintiff's motion and the Court's order to show cause on November 24, 2025. ECF No. 13. That

---

[1] Unless otherwise indicated, page numbers refer to the pagination provided by the Electronic Case Filing System.

1

same day, Defendant filed a request for a pre-motion conference on its anticipated motion to dismiss.  ECF No. 14.

The Court has reviewed the state court complaint as well as the parties' submissions and supporting declarations and exhibits.  For the reasons explained below, the Court GRANTS Plaintiff's motion to remand to state court and DENIES Defendant's request for a pre-motion conference as moot.

Defendant invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.  ECF No. 1.  The parties agree that there is minimal diversity between them.  ECF No. 12 at 1 (noting that Plaintiff is a citizen of New York and Defendant is a foreign corporation incorporated and with a principal place of business in Quebec, Canada); ECF No. 10 at 6 (agreeing that "there is 'minimal diversity'"); *see also* 28 U.S.C. § 1332(d)(2)(C) (providing that federal courts have jurisdiction over class actions where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state").  The parties dispute, however, whether the $5 million amount-in-controversy requirement of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2), has been met.  ECF No. 13 at 1 (Defendant's assertion that "Plaintiff has not rebutted [Defendant]'s evidence that the aggregate amount in controversy exceeds $5 million"); ECF No. 10 at 6 ("[Plaintiff] disputes . . . [that] the matter in controversy exceeds the sum or value of $5,000,000 . . . ." (citation modified)).

Defendant asserts that "a court should only dismiss a case for lack of subject-matter jurisdiction under CAFA if it determines 'to a legal certainty' that the

aggregate amount in controversy is less than $5 million." ECF No. 13 at 2–3 (citing *Pena v. Brit. Airways, PLC (UK)*, 849 F. App'x 13, 14 n.1 (2d Cir. 2021) and *Bank v. Hydra Grp. LLC*, 433 F. App'x 50, 50 (2d Cir. 2011)).  However, the cases Defendant cites for this proposition are distinguishable.  Neither *Pena* nor *Bank* concerned removal of a putative class action from state to federal court under CAFA.  In both cases, the plaintiffs affirmatively sought to invoke the jurisdiction of the federal court and, therefore, alleged that the amounts in controversy exceeded the $5 million requirement under CAFA.  *See Pena*, 849 F. App'x at 14 ("The district court dismissed Pena's complaint both for a lack of Article III standing, holding that Pena's alleged injuries were not sufficiently concrete and particularized to confer standing, and because Pena's breach of contract claim did not state a plausible claim for relief." (citation modified) (citation omitted)); *Bank*, 433 F. App'x at 50 ("The district court found that it lacked jurisdiction because Bank's putative class action did not satisfy the amount in controversy requirement.").  A review of other precedent deploying the "to a legal certainty" language cited by Defendant reveals that this rule applies when a defendant seeks to rebut a *plaintiff's* assertion that the amount-in-controversy requirement is satisfied, not when a defendant seeks to invoke a federal court's diversity subject matter jurisdiction under CAFA upon removal.  *See, e.g.*, *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (holding that, where the petitioner "sought an arbitral award of $134 million," upon review of the parties' documents, "[i]t does not appear to a legal certainty that the amount is *really* for less," and therefore affirming the district court's denial of the

respondents' motion to dismiss for lack of subject matter jurisdiction (emphasis added)).

In seeking to require that Plaintiff demonstrate "to a legal certainty" that the amount in controversy here is less than $5 million, Defendant fails to recognize this distinction. In reality, "[u]nder CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it. To satisfy its burden, *defendant* must prove to a reasonable probability . . . that the amount in controversy exceeds $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (emphasis added). A district court that denies a motion for remand may be reversed where it "ma[kes] no findings and offer[s] no explanation as to how it calculated the amount in controversy [] to be more than $5 million." *Id.*

Here, Defendant does not meet its burden. The declaration of Defendant's President that "more than $5 million of the Product was sold in the State of New York during the [relevant period]," ECF No. 1-3 at 2, misses the mark. Plaintiff alleges in the state court complaint that "he and consumers paid more than they would have paid for the Product" because of Defendant's alleged misrepresentations and/or omissions. ECF No. 1-2 at 20, ¶ 79. Plaintiff alleges that "[t]his means individual damages will be based on the value attributed to the challenged claims, practices, and/or omissions, a percentage of the total price paid, instead of the Product's total value." *Id.* ¶ 80. Plaintiff further alleges that "[t]his difference is typically between five ($0.05) and sixty cents ($0.60) per unit, a small fraction or percentage of the total price." *Id.* at 21, ¶ 82. Additionally, Plaintiff seeks only "[a]ctual damages." *Id.* at

4

21–22. Because Defendant has adduced only a total amount of sales, rather than the number of units sold during the relevant time period, the Court is unable to ascertain whether the actual or reasonably probable amount in controversy actually amounts to $5 million or more. "Federal jurisdiction cannot be based on surmise or guesswork." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 449 (S.D.N.Y. 2014) (quoting *Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1281, 1283 (N.D. Ill. 1990)).

Moreover, Plaintiff affirmatively disputes Defendant's assertion of damages, representing to the Court that the amount in controversy (1) does not exceed $75,000 as between named Plaintiff and Defendant and (2) does not exceed $5 million for the entire class. ECF No. 10 at 6. "Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994).

At this time, the Court cannot, based upon the state court complaint and the parties' submissions, reasonably assure itself that the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) has been satisfied. If Defendant does subsequently receive actual notice that the amount in controversy exceeds $5 million, it may still avail itself (for up to one year after the commencement of the action) of the removal provisions of 28 U.S.C. § 1446. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145

(2d Cir. 2014) (holding that, "in CAFA cases, the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy in excess of $5,000,000 can be ascertained"). Plaintiff is reminded that "deliberately fail[ing] to disclosure the actual amount in controversy to prevent removal" constitutes bad faith that would permit Defendant to remove this case more than one year after its commencement. 28 U.S.C. § 1446(c)(3)(B); *see id.* § 1446(c)(1). On the present record, however, Defendant has plainly failed to meet its burden of establishing grounds for removal of the action.

Accordingly, Plaintiff's motion to remand to state court is GRANTED, and this case is remanded to New York Supreme Court, Kings County, under case number 523551/2025. Defendant's request for a pre-motion conference is DENIED as moot.

SO ORDERED.

    */s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: December 11, 2025
    Brooklyn, New York